**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| CHAD WENZLICK PRIDGEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPEN BUTLER HILL, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:18-cv-00061-JKB |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT IV OF THE COMPLAINT**

Count IV of the Complaint, alleging *quantum meruit*, should be dismissed for failure to state a claim both because the claim is pre-empted by the Fair Labor Standards Act ("FLSA") (violations of which Plaintiff has alleged in Count VI of the Complaint) and because *quantum meruit* is unavailable where an express contract governs the dispute.

**ALLEGATIONS IN THE COMPLAINT RELEVANT TO DISPOSITION OF THIS MOTION**

In his six count Complaint, Plaintiff alleges that he worked for Defendant, Appen Butler Hill, Inc. ("Appen") from August 2010 to August 2017 and was not paid all the wages he claims he should have been paid and was discriminated and retaliated against. *See* Compl. ¶¶ 9, 10, 39. Two of the six counts of the Complaint are relevant to disposition of the Motion to Dismiss: Count VI, which alleges violations of the FLSA, and Count IV, which seeks relief based on the Maryland common law theory of *quantum meruit*.

In Count VI, Plaintiff claims that he was misclassified as an independent contractor and is owed unpaid regular and overtime wages under the Fair Labor Standards Act ("FLSA"). *See* Compl. ¶ 104 (alleging that Appen "willfully and/or intentionally failed and/or refused to pay to

the plaintiff the regular and overtime wages due and owed under the FLSA and misclassified him as an independent contractor." In Count IV, he pleads that Appen "had a contractual and equitable obligation to compensate plaintiff with legally required regular and overtime wages for the regular and overtime wages [sic] plaintiff worked for defendant." Compl. ¶ 93.

Both counts arise out of the same set of allegations in the Complaint: that Plaintiff believes he was misclassified as an independent contractor and that he should have been classified as a non-exempt employee under the FLSA, that he worked in excess of 40 hours per week, and that he was not paid at the regular and/or overtime rates for all of the hours he worked. *See*, *e.g.*, Compl. ¶¶ 59-62.

Furthermore, Plaintiff's relationship with Appen was governed by a series of contracts that established Plaintiff as an independent contractor. While the parties dispute whether Plaintiff was an independent contractor or an employee, there is no doubt that their relationship was governed by express contracts. Allegations throughout the Complaint acknowledge the existence of those contracts. *See*, *e.g.*, Compl. ¶¶ 16 (alleging an inability to "subcontract"), 24 (alleging that Plaintiff "would have to sign a new contract"), 32 (referencing that Appen was urging him "to sign that contract"), and 37 (referencing an email discussing the termination of two of Plaintiff's contracts in 2014). Most tellingly, Plaintiff alleges in Count IV that Appen "had a contractual…obligation to compensate Plaintiff." Compl. ¶ 93.

## ARGUMENT

I. **PLAINTIFF'S *QUANTUM MERUIT* CLAIM IS PREEMPTED BY THE FLSA.**

Count IV of the Complaint, which purports to state a claim based on the common law theory of *quantum meruit*, should be dismissed because it is preempted by the FLSA.

Under the constitutional doctrine of federal law supremacy, a federal law preempts a state law when "the state law actually conflicts with federal law." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191 (4th Cir. 2007) (quotation marks omitted).  In *Anderson*, the Fourth Circuit held that a plaintiff's "FLSA-based [state common law claims] [were] precluded under a theory of obstacle preemption" because "Congress prescribed exclusive remedies in the FLSA for violations of its mandates." *Id.* at 194. In this case, Plaintiff's *quantum meruit* count mirrors the FLSA count in that it seeks the same remedy. In his *quantum meruit* count, Plaintiff seeks the "*legally required regular and overtime wages* for the regular and overtime wages [sic] plaintiff worked for defendant." Compl. ¶ 93 (emphasis added).  In his FLSA count he likewise seeks "the regular and overtime wages" he claims he is due. Compl. ¶ 104. Plaintiff's entitlement to such wages, if any, arises under the FLSA, however, and. therefore, his effort to recover overtime and other wages allegedly due to him under the common law theory of *quantum meruit* is preempted by the FLSA under the Fourth Circuit's ruling in *Anderson*.

Although *Anderson* involved common law claims other than *quantum meruit,* this court has had occasion to apply the principal in *Anderson* to a *quantum meruit* claim in *Bouthner v. Cleveland Constr. Inc.*, Civil Action No. RDB-11-244, 2011 U.S. Dist. LEXIS 79316 *20-21 (D. Md. July 21, 2011). The plaintiff in *Bouthner* included a *quantum meruit* claim premised on the allegation that "Defendants had a contractual and equitable obligation to compensate Plaintiffs and the class with legally required regular time and overtime wages for the regular and overtime hours Plaintiffs and the class worked for Defendants." This allegation is functionally identical to Plaintiff's allegation here. *See* Compl. ¶ 93.

As this Court observed when dismissing the *quantum meruit* count in *Bouthner*, "despite Plaintiff's characterization of Count IV, [he] must rely upon the FLSA as the source of [his]

3

claim because the FLSA establishes minimum wage and overtime requirements." *Bouthner*, 2011 U.S. Dist. LEXIS 79316 at *21. Similarly, here, Plaintiff's *quantum meruit* claim is pre-empted and must be dismissed.

### II. PLAINTIFF'S *QUANTUM MERUIT* CLAIM IS ALSO PRECLUDED BECAUSE HIS RIGHT TO COMPENSATION IS COVERED BY AN EXPRESS CONTRACT BETWEEN THE PARTIES.

Citing a string of Maryland authorities, this Court has observed that "[i]t is settled law in Maryland, and elsewhere, that a claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties." *FLF, Inc. v. World Publ'ns*, 999 F. Supp. 640, 642 (D. Md. 1998). *Accord J.E. Dunn Constr. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 608 (D. Md. 2015); *Odellus Corp. v. CNI Prof'l Servs., LLC*, No. 850, 2017 Md. App. LEXIS 869, at *15-16 (App. Aug. 24, 2017)(citing *Cty. Comm'rs of Caroline Cty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 96, 747 A.2d 600, 607 (2000)).

Plaintiff's relationship with Appen was governed by a series of express contracts and Plaintiff plainly acknowledges the existence of these express contracts in his Complaint. *See* Compl. ¶¶ 16, 24, 32, 37, and 93. These express contracts clearly and unambiguously set forth the scope of Plaintiff's work and the terms of his compensation for performing that work. Plaintiff does not dispute that express contracts governed his relationship with Appen. Indeed, Plaintiff alleges that Appen was "contractually obligated" to compensate him. Compl. ¶ 93. Those allegations are fatally inconsistent with his *quantum meruit* claim, and require dismissal of Count IV.

### CONCLUSION

Count IV of the Complaint, which seeks relief based on the common law theory of *quantum meruit*, should be dismissed for failure to state a claim on each of two independent

grounds. First, it is preempted by the FLSA. Second, it is precluded by the fact that Plaintiff and Appen entered into express contracts which covered the compensation to which he was entitled, which is the same subject matter of his *quantum meruit* claim.

Dated:  February 16, 2018         Respectfully submitted,

/s/ David Barmak
David Barmak (D. MD Bar # 06816)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
& POPEO, P.C.
701 Pennsylvania Ave. NW, Suite 900
Washington, D.C. 20004
Tel: (202) 585-3507
Fax: (202) 434-7400
DBarmak@mintz.com
Attorney for Appen Butler Hill, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2018, I caused the foregoing document to be served by ECF as follows:

Joyce E. Smithey, Esq.
Reuben W. Wolfson, Esq.
RIFKIN WEINER LIVINGSTON LLC
225 Duke of Gloucester Street
Annapolis, Maryland 21401
jsmithey@rwllaw.com
rwolfson@rwllaw.com

/s/ David Barmak
David Barmak