IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CHAD WENZLICK PRIDGEN,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-18-61 |
| **APPEN BUTLER HILL, INC.,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Chad Wenzlick Pridgen brought this action against Defendant Appen Butler Hill, Inc., in Maryland state court on October 20, 2017, and Defendant removed the case to this Court on January 8, 2018. (*See* Notice of Removal, ECF No. 1.) Before the Court is Defendant's motion to dismiss Count IV of Plaintiff's complaint. (Mot. Dismiss, ECF No. 10.) Plaintiff has responded in opposition (ECF No. 11) and Defendant has replied (ECF No. 13). The motion is therefore ripe for review. No hearing is necessary to resolve the matter. *See* Local Rule 105.6 (D. Md. 2016). Plaintiff may plead alternative and even conflicting claims for relief, and therefore Defendant's motion to dismiss Count IV of Plaintiff's complaint will be denied by accompanying order.

**I.**     *Background[1]*

Plaintiff began working for Defendant as a Senior Auditor on August 8, 2010. (Compl. ¶ 10, ECF No. 2.) Plaintiff is homosexual, and "shortly after learning" this fact, Defendant began

---

[1] The facts are recited here as alleged by Plaintiff, as this memorandum is evaluating a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

discriminating against him, largely in the form of "refusing to pay him for all hours worked and . . . by assigning him less and less work." (*Id.* ¶ 11.) More specifically, Plaintiff alleged that Defendant wrongfully misclassified him as a subcontractor and therefore did not pay him proper wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (*Id.* ¶¶ 103-07.) Plaintiff also alleged that Defendant did not pay him proper wages under various Maryland state laws, that Defendant discriminated against him under the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-601 *et seq.*, and that Defendant fired him for engaging in protected activity under the FLSA. (*Id.* ¶¶ 76-90; 98-102.) Plaintiff also alleged that Defendant owes him damages under Maryland common law, specifically under a theory of *quantum meruit*; i.e., that "Plaintiff conferred benefits upon defendant by working regular and overtime hours on defendant's behalf [and] Defendant had an appreciation or knowledge of [those] benefits" but did not pay Plaintiff for his work. (*Id.* ¶¶ 91-97.) At bottom, Plaintiff's wage and hour claims relevant to this motion amount to this:  Plaintiff believes he has not been paid properly for the work that he has done for Defendant.

Plaintiff brought this lawsuit against Defendant in the Circuit Court for Baltimore County on October 20, 2017. (*See* Notice of Removal ¶ 1.) Defendant removed the case to this Court on January 8, 2018, asserting federal question jurisdiction under 28 U.S.C. § 1331, as well as diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶¶ 5-7.) On February 16, 2018, Defendant filed a motion to dismiss Count IV of the Complaint.  Count IV is Plaintiff's *quantum meruit* claim, and Defendant contends that this claim is preempted by federal law, or by a contract that, it contends, exists between the parties. (*See* Mot. Dismiss Mem. Supp., ECF No. 10-1.)

### II.     *Standard*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The issues presented by the Defendant's motion are almost entirely legal in nature, and, although the Court will accept all of Plaintiff's factual allegations as true, this principle does not apply to legal conclusions.  *Twombly*, 550 U.S. at 555.

### III.    *Analysis*

The Court will deny Defendant's motion for a simple reason:  even subcontractors deserve to be paid for their work.  To explain why that principle settles this matter will take slightly more time, but not much.

Defendant contends that Plaintiff cannot bring both a *quantum meruit* claim under Maryland common law and a wage and hour claim under the FLSA, because the FLSA preempts Maryland law.  Defendant is half right.  The FLSA does, to an extent, preempt state law.  *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007).  Generally speaking, "there is a strong presumption that Congress, in enacting the FLSA for the benefit of workers, did *not* intend to override the States' traditional role in protecting the health and safety of their citizens," and the FLSA "contains a 'savings clause' that expressly allows states to provide workers with more beneficial minimum wages and maximum workweeks than those mandated by the FLSA itself."  *Id.* at 193 (emphasis added) (quoting *S. Blasting Servs., Inc. v. Wilkes Cty., NC*, 288 F.3d 584, 590 (4th Cir. 2002)); *see* 29 U.S.C. § 218(a).  But, Congress created in the FLSA an "unusually elaborate enforcement scheme," and a plaintiff cannot short-circuit that scheme by way of utilizing state common law remedies for FLSA violations.  *Id.* at 192 (quoting *Kendall v.*

*City of Chesapeake*, 174 F.3d 437, 443 (4th Cir. 1999)). For example, a plaintiff cannot allege that his employer "negligently" failed to provide proper overtime (i.e., overtime that is properly due the plaintiff under the FLSA) and thus recover under a theory of negligence for what is at heart a violation of the FLSA. To do so would create a state law obstacle to the enforcement goals of the FLSA. *See id.* at 194 ("Because the FLSA's enforcement scheme is an exclusive one, we further conclude that the Class Members' FLSA-based contract, negligence, and fraud claims are precluded under a theory of obstacle preemption."); *accord Bouthner v. Cleveland Const. Inc.*, Civ. No. RDB-11-244, 2011 WL 2976868, at *7 (D. Md. July 21, 2011).

Plaintiff has alleged that he is owed money under the FLSA, because he was an "employee" of the Defendant, but was improperly classified as a "sub-contractor," who was not entitled to overtime. This claim—that Plaintiff is owed overtime under the FLSA because he was improperly classified—is an FLSA claim, regardless of what label one attaches to it. Such a claim must be brought under the FLSA's enforcement scheme, and would preempt any state common law claim based on the same FLSA violation.

But Plaintiff may plead alternative, and even inconsistent, claims for relief. *See* Fed. R. Civ. P. 8(d). Plaintiff has done so. In addition to alleging that Defendant violated the FLSA (and Maryland state law) by misclassifying him as a subcontractor, Plaintiff has *also* alleged that Defendant failed to pay him for benefits conferred under a theory of *quantum meruit*. These may be inconsistent claims, at least insofar as they seek to recover damages for the same hours worked. A plaintiff who should have been classified as an employee under the FLSA cannot recover time-and-a-half overtime wages owed under the FLSA under a theory of *quantum meruit*. But if the plaintiff was *properly* classified as a sub-contractor, and never paid "overtime," i.e., never paid *anything* for work done beyond a certain amount of time, then,

although that plaintiff cannot recover under the FLSA, he may be able to recover under a theory of *quantum meruit*. Plaintiff here has alleged these two alternative theories of relief.[2] *See Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 463 (E.D.N.Y. 2011) (noting that "[d]efendants do not cite any cases in support of the notion that duplicative state common law claims and Labor Law claims cannot proceed as alternative legal theories."). Either he was an employee, who should be paid overtime under the FLSA, or he was a sub-contractor, who should have been paid for the work that he performed.[3] In other words, even if Plaintiff was a sub-contractor, he still deserves to be paid for the work that he has done, if any, and thus the Court will not dismiss Plaintiff's Count IV, and will instead deny Defendant's motion.

Defendant further argues that Count IV must be dismissed because of a purported contract between the parties. Defendant's argument here fails for the same reason that Count IV will not be dismissed despite the alternative possibility of relief under the FLSA. Plaintiff cannot recover under the FLSA, as well as a common law claim of *quantum meruit*. And he cannot recover under a common law claim of *quantum meruit* if "the subject matter of the claim is covered by an express contract between the parties." *FLF, Inc. v. World Publ'ns*, 999 F. Supp. 640, 642 (D. Md. 1998). But, Plaintiff can *plead* alternative theories of recovery, and they will not be dismissed at this early stage. *See Roble v. Celestica Corp.*, Civ. No. 06-2934 (JRT/FLN), 2006 WL 3858396, at *3 (D. Minn. Dec. 29, 2006) ("While additional discovery may reveal that

---

[2] The Court is not *entirely* clear what Plaintiff means when he argues, for example, that his "claim for quantum meruit is premised on defendant's misclassification of Mr. Pridgen as an independent contractor under Maryland law." (Opp'n 8, ECF No. 11.) The Court interprets this, and similar statements, to mean that Plaintiff sees his *quantum meruit* claim as resting on the same unpaid work as his Maryland (and, it would seem, federal) statutory law claims, and not that Plaintiff is seeking to recover under *quantum meruit* for violations of Maryland (and federal) statutory law. The later is something Plaintiff cannot do. That is, Plaintiff can plead alternative theories based on the same alleged failures to pay Plaintiff proper wages; Plaintiff cannot plead that he is owed under a theory of *quantum meruit* for Defendant's alleged violations of state or federal statutory law.

[3] To be clear, the Court is reviewing a motion to dismiss, and is therefore assuming all facts alleged in Plaintiff's complaint are true. It makes no finding as to whether Plaintiff has actually performed work for which he has not been paid.

plaintiffs' common law claims are in fact duplicative of the statutory claims, the Court cannot conclude at this stage of the proceedings that the underlying common law claims are preempted by the FLSA."). Perhaps Plaintiff is owed overtime under the FLSA (or Maryland state laws), perhaps he is owed overtime under a theory of *quantum meruit*, perhaps (even though Plaintiff has not brought this claim) Plaintiff is owed for unpaid work under a breach of contract theory. *See Swedish Civil Aviation Admin v. Project Mgmt. Enters.*, 190 F. Supp. 2d 785, 792 (D. Md. 2002) ("[A]lthough [plaintiff] may not recover under both contract and quasi-contract theories, it is not barred from pleading these theories in the alternative where the existence of a contract concerning the subject matter is in dispute."). Or, perhaps Plaintiff was properly paid for any work he performed and is owed nothing. Only time—and perhaps motions practice, discovery, and trial—will tell.

### IV.  *Conclusion*

Plaintiff may plead alternative theories of relief in his complaint, and therefore the Court will not dismiss Count IV, and will deny Defendant's motion to dismiss by accompanying order.

DATED this 23rd day of April, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge
