IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHAD WENZLICK PRIDGEN, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-18-61 |
| APPEN BUTLER HILL, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Chad Wenzlick Pridgen sued his employer, Appen Butler Hill ("Appen"), claiming discrimination, retaliation, and wage violations of federal and Maryland law. Pending before this Court is Pridgen's motion for leave to amend the complaint. Appen opposes the amendments. The motions have been fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will grant in part Pridgen's motion for leave to amend the complaint.

I. **Factual and Procedural Background[1]**

Pridgen began working for Appen as a Senior Auditor in 2010 and proceeded to work there for seven years. (Compl. ¶ 10, ECF No. 2.) Pridgen is homosexual, and, "shortly after learning" this fact, Appen began discriminating against him, largely in the form of "refusing to pay him for all hours worked" and "assigning him less and less work." (*Id.* ¶ 11.) In 2014, Appen demoted Pridgen to Annotator and, in 2017, terminated his employment entirely. (*Id.* ¶ 36, 39.)

---

[1] For the purposes of this analysis, the Court need not delve into many of the facts alleged by Pridgen. To the extent that the Court does delve into the factual allegations, the Court takes those allegations as true. *See, e.g., Perkins v. United States*, 55 F.3d 910, 916 (4th Cir. 1995) (affirming district court's denial of motion for leave to amend because the proposed allegations—even if taken as true—would not survive a motion to dismiss).

1

In October 2017, Pridgen filed suit in the Circuit Court for Baltimore County, Maryland. (Notice of Removal ¶ 1, ECF No. 1.) Appen removed the action to this Court. (*Id.*) The initial complaint contained six counts. Pridgen alleged four Maryland law claims: discrimination under Title 20, Md. Code Ann., State Gov't § 20-601 *et seq.* (Count I); violation of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.* (Count II); violation of the Maryland Wage, Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* (Count III); and damages under the common law theory of *quantum meruit* (Count IV). Pridgen also alleged retaliation and wage violations under the Fair Labor Standards Act ("FLSA") (Counts V and VI). In short, Pridgen alleged that he was not paid properly for the work that he did for Appen.

On July 5, 2018—and on the court-ordered deadline to amend the pleadings—Pridgen moved for leave to amend his complaint. (Mot. to Amend, ECF No. 28.) The proposed amended complaint would add eight Appen employees as defendants to Counts II through VI. (Prop. Am. Comp., ECF No. 28-3.) Appen opposed the motion. (Def. Opp., ECF No. 29.) The proceedings were stayed for several months; consequently, the Court turns to the motion now.

## II. Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give" a party leave to amend its pleadings "when justice so requires." *See Jones v. Ceres Terminal, Inc.*, Civ. No. JKB-14-1889, 2014 WL 5088281, at *2 (D. Md. Oct. 8, 2014) ("Whether to permit the Plaintiff to file an amended complaint is a question that falls within the Court's discretion . . . ."). "This directive gives effect to the federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities." *Mayfield v. Nat'l Ass'n for Stock Car Auto. Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). Consequently, "leave to amend a complaint should be denied

only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (concluding leave should be "freely given" absent an apparent reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").[2] Appen opposes Pridgen's motion for leave to amend on the grounds of prejudice and futility.

## A. Prejudice

Appen has the burden of showing that Pridgen's delay in amending would result in prejudice. *See Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, Civ. No. SAG-16-3431, 2018 WL 5785664, at *3 (D. Md. Nov. 5, 2018). Appen argues that, because the delay was "inordinate and unjustified," the amendment would prejudice Appen and the eight Appen employees that Pridgen seeks to join. (Def. Opp. at 13.) Mere delay is not sufficient to deny leave to amend, but delay coupled with prejudice warrants denial. *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). To determine whether prejudice will occur, a court must consider the positions of the parties and the effect of amendment on those parties. Mary Kay Kane & A. Benjamin Spencer, Charles Alan Wright & Arthur R. Miller, 6 *Federal Practice and Procedure* § 1487 (3d ed. 2018). "This entails an inquiry into the hardship to the moving party if

---

[2] Here, amending the complaint would result in the joining of eight new defendants. Persons may be joined as defendants "if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Federal Rules of Civil Procedure, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). The parties do not dispute that joining Appen with the eight Appen employees is appropriate. Regardless, joinder is proper because Pridgen's claims against all nine proposed defendants arise out of the same occurrence and involve common questions of law and fact.

3

leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." *Id.* Thus, whether an amendment is prejudicial depends on the timing and nature of the amendment. *Class Produce Grp.*, 2018 WL 5785664, at *3.

The timing of the amendment, here, weighs against a finding of prejudice. "[T]he further the case [has] progressed . . . the more likely it is that the amendment will prejudice the defendant." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *see McCall-Scovens v. Blanchard*, Civ. No. ELH-15-3433, 2016 WL 6277668, at *5 (D. Md. Oct. 27, 2016) (holding prejudice would not occur because dispositive motions were not due for three months, trial date was not set, and discovery was ongoing). It is true that Pridgen moved to amend nine months after initially filing suit and he does not attempt to explain this delay. (Reply at 12, ECF No. 38 (asserting the motion for leave to amend complied with the scheduling order).) But, the proposed amendments come well before trial. *Cf. Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 440 (4th Cir. 2011) (affirming finding of prejudice where plaintiff moved to amend after discovery, at the "eleventh hour," and introduced six new claims, previously unaddressed by counsel and requiring additional discovery). And, discovery does not end for nearly six months. *See Warner v. Cellco P'ship*, Civ No. ELH-13-3100, 2015 WL 6956517, at *7 (D. Md. Nov. 10, 2015) (holding prejudice would not occur, even though discovery had ended, because trial date was not set, the proposed amendment was not complicated, and movant would agree to reopen discovery).

Further, the nature of the amendment weighs against a finding of prejudice. "[P]rejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party . . . ." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). This basis for a finding of prejudice does not apply

4

for a few reasons. First, the Fourth Circuit noted that the basis "essentially applies where the amendment is offered shortly before or during trial." *Id.* Second, the proposed amended complaint does not add factual allegations, counts, or new legal theories. *See Laber*, 438 F.3d at 427 ("An amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."). Pridgen seeks to add defendants to five of the six counts. No doubt, the amendment would cause additional discovery, but such an expense—during the course of discovery which is already underway—does not amount to prejudice. *See Island Creek Coal*, 832 F.2d at 279–80 (holding that the need for new discovery and exploration of new issues after amendment was not enough to sustain a finding of prejudice).

### B. Futility

Appen also argues that amendment would be futile. A court may deny leave to amend as futile if the proposed amended complaint would not meet the requirements of the Federal Rules of Civil Procedure. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *see Ross v. Cecil Cty. Dep't of Soc. Servs.*, Civ. No. WDQ-11-181, 2012 WL 346625, at *2 (D. Md. Jan. 31, 2012) (analyzing futility under Rule 12(b)). In keeping with the federal policy of resolving cases on their merits, courts allow plaintiffs every opportunity to cure defects in the pleadings, even where a court doubts plaintiff's ability to overcome these defects. *Frazier v. Experian Info. Sols.*, Civ. No. GLR-18-68, 2018 WL 6726311, at *8 (D. Md. Dec. 21, 2018) (citing *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999)). Consequently, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

Appen makes two futility arguments. First, Appen argues that joining the eight Appen employees is futile because the court lacks personal jurisdiction over the employees and,

consequently, the proposed amended complaint would not survive a motion to dismiss under Rule 12(b)(2). (Def. Opp. at 7.) Second, Appen argues that the amendment is futile as to Counts III and IV because the counts do not state claims against the employees and would not survive a motion to dismiss under Rule 12(b)(6). (*Id.* at 11.) The Court turns to the personal jurisdiction argument before addressing the specific challenges to Counts III and IV.

### 1. Lack of Personal Jurisdiction (Counts II, III, IV, V, and VI)

When a defendant challenges a district court's personal jurisdiction over the defendant pursuant to Rule 12(b)(2), the plaintiff bears the burden of proving the existence of personal jurisdiction by a preponderance of the evidence. *Windsor v. Spinner Indus. Co.*, 825 F. Supp. 2d 640, 643 (D. Md. 2011). "The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). Consistent with due process, a state may authorize its courts to exercise jurisdiction over non-resident defendants only to the extent that the defendants have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In Maryland, the statutory inquiry merges with the constitutional examination. *Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 878 A.2d 567, 576 (Md. 2005) (holding the purview of Maryland's long arm statute is coextensive with the personal jurisdiction limits set by the Due Process Clause).

Pridgen attempts to claim personal jurisdiction over the eight Appen employees, alleging that they "purposefully availed themselves by conducting activities directed toward [Pridgen] and continuously and systematically directing [his] work in Maryland." (Prop. Am. Compl. ¶ 4.) Appen points out that, based on the proposed allegations, the only contacts that the eight Appen

6

employees have with Maryland are a few skype calls and emails with Pridgen. (Def. Opp. at 10 n.5.) Indeed, none of the employees reside or work in Maryland. (Prop. Am. Compl. ¶ 13–20.) For four of the employees, Pridgen does not allege a single contact between the employee and Pridgen. (*See id.* ¶ 13–16.) On these allegations, it seems unlikely that the eight Appen employees have such "minimum contacts" with Maryland that haling them into court in Maryland would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

That being said, this court, and others, have declined to deny leave to amend on futility grounds for lack of personal jurisdiction. *See Williams v. Romarm, S.A.*, Civ. No. TDC-14-3124, 2016 WL 4548102, at *2 (D. Md. Feb. 19, 2016) (directing plaintiff to revise its amended complaint so that it fully addresses due process considerations); *see also Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*, Civ. No. 10-1708, 2011 WL 2193294 (S.D. Tex. June 6, 2011) ("Courts have recognized that in the context of a personal-jurisdiction challenge to a motion for leave to amend, a court should presume it has personal jurisdiction."); *Speedsportz, LLC v. Menzel Motor Sports*, Civ. No. 07-624, 2008 WL 4632726, at *2 (N.D. Okla. Oct. 17, 2008) (concluding adding a defendant would not be wholly futile and waiting to "decide the question of personal jurisdiction based on a fully briefed motion to dismiss"). For example, there is a "general reluctance in the Third Circuit to rule on personal jurisdiction questions in the context of a motion for leave to amend a complaint." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 230 (E.D. Pa. 2012). "Where the court could 'conceivably have personal jurisdiction' over a defendant sought to be added via an amended complaint, the court should not, despite objection by existing parties, deny leave to amend based on futility challenges." *Id.*; *see Mylan Pharm., Inc. v. Kremers Urban Dev.*, Civ. No. 02-1628, 2003 WL 22711586, at *4 (D. Del. Nov. 14, 2003) ("There is no requirement that a plaintiff allege the facts that support a finding of personal jurisdiction in a complaint.").

7

In light of this persuasive authority, the Court concludes that Pridgen's motion for leave to amend is not futile on personal jurisdiction grounds.

### 2. Failure to State a Claim

"The standard for futility [for failure to state a claim] is the same as for a motion to dismiss under Rule 12(b)(6)." *Brightwell v. Hershberger*, Civ. No. DKC-11-3278, 2015 WL 5315757, at *4–5 (D. Md. Sept. 10, 2015). These parallel standards require a complaint—or a proposed amended complaint—to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Johnson*, 785 F.2d at 510 ("Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). The Court will accept all of Pridgen's factual allegations as true, but this principle does not apply to legal conclusions. *Twombly*, 550 U.S. at 555. Appen argues that, as to the eight Appen employees, Pridgen fails to state plausible claims under the MWPCL and under the theory of *quantum meruit*.

### i. MWPCL (Count III)

The MWPCL provides employees with a cause of action to recover unpaid wages from their employers. Md. Code Ann., Lab. & Empl. § 3-507.2(a). Appen argues that the eight employees were not "employers" of Pridgen and, therefore, cannot be liable. (Def. Opp. at 11–12.) The statute defines "employer" as "any person who employs an individual." Md. Code. Ann., Lab. & Empl. § 3-501(b). And, "employ" means "to engage an individual to work," including "allowing an individual to work" and "instructing an individual to be present at a work site." *Id.* § 3-101(c). A "mere supervisor" of another employee is not an "employer." *Watkins v. Brown*, 173 F. Supp. 2d 409, 415–16 (D. Md. 2001). Rather, the term "employer" in the MWPCL has its

8

"commonly understood meaning," involving "some sort of contractual relationship involving the payment of wages in exchange for services." *Id.* at 414.

Notably, the MWPCL contains a narrower definition of "employer" than that found in the FLSA, and its state equivalent, the MWHL. *See Munoz v. Balt. Cty.*, Civ. No. RDB-11-2693, 2012 WL 3038602, at *13 (D. Md. July 25, 2012); *Iraheta v. Lam Yuen, LLC*, Civ. No. DKC-12-1426, 2012 WL 5995689, at *4 (D. Md. Nov. 29, 2012) (noting that MWPCL's definition of "employer" is "more restrictive than either the FLSA or the MWHL as it does not expand employer liability to those acting on behalf of the employer"); *accord Fenzel v. Grp. 2 Software, LLC*, Civ. No. DKC-13-379, 2016 WL 865363, at *14 (D. Md. Mar. 7, 2016). The FLSA and MWHL both define "employer" to also include a person who acts "directly or indirectly in the interest of" another employer in relation to an employee. 29 U.S.C. § 203(d); Md. Code. Ann., Lab. & Empl. § 3-401(c). The MWPCL lacks such language. *See Watkins*, 173 F. Supp. 2d at 415 ("[T]he fact that the Maryland General Assembly, in these other sections, has specifically added this language but chose not to in the MWPCL is strong evidence that the legislature did not intend to broaden the meaning of 'employer' in [the MWPCL]."). Additionally, the MWPCL—unlike the MWHL and FLSA—does not focus on "the amount of wages payable but rather the duty to pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment." *Friolo v. Frankel*, 819 A.2d 354, 362 (Md. 2003).

Despite these differences, the Maryland Court of Special Appeals has interpreted the MWPCL's definition of "employer" to match the FLSA and MWHL definitions. But, as this Court recently held, "the Court is neither bound nor persuaded by the broad interpretation." *Odjaghian v. EngagePoint, Inc.*, Civ. No. JKB-18-151, 2018 WL 3329617, at *7 n.6 (D. Md. July 6, 2018). The purpose of the MWPCL "was to provide a vehicle for employees to collect, and an incentive

for employers to pay, back wages." *Medex v. McCabe*, 811 A.2d 297, 304 (Md. 2002) (quoting *Battaglia v. Clinical Perfusionists, Inc.*, 658 A.2d 680, 686 (Md. 1995)). Accordingly, "[a]n MWPCL claim cannot be sustained if the plaintiff fails to allege that the defendant was involved in payment of [his] wages." *Quickley v. Univ. of Md. Med. Sys. Corp.*, Civ. No. CCB-12-321, 2012 WL 4069757, at *6 (D. Md. Sept. 14, 2012) (citing *Jennings v. Rapid Response Delivery, Inc.*, Civ. No. WDQ-11-92, 2011 WL 2470483, at *5 (D. Md. June 16, 2011)).

The pertinent question is what it means that an individual is involved in the payment of an employee's wages. This court has made clear that general managerial authority does not render an individual involved in the payment of wages. *See Iraheta*, 2012 WL 5995689, at *4 (holding that allegations that an individual is an entity's director, officer, or owner does not render him an "employer" under the MWPCL); *Caseres v. S & R Mgmt. Co.*, Civ. No. AW-12-1358, 2012 WL 5250561, at *4 (D. Md. Oct. 24, 2012) ("Courts analyzing the MWPCL have rejected any interpretation that would encompass supervisors, officers, or other agents acting on behalf of the corporate employer."); *Watkins*, 173 F. Supp. 2d at 414 ("The notion that a supervisor of an employee (who himself is paid a wage by the employer) is somehow responsible for the payment of wages to another employee whom he supervises is inconsistent with the plain language of the statute."). Even those managers with the power to set wages and to hire and fire are not considered involved in the payment of wages. *See Watkins*, 173 F. Supp. 2d at 416. Extrapolating from these precedents and from the MWPCL's purpose to facilitate backpay, only those entities or individuals directly responsible for the unpaid wages at issue should be liable.

Turning to the complaint, Pridgen alleges that the eight employees had general managerial authority. For the first four employees (Lisa Braden-Harder, Mark Brayan, Tammy Garves, and Kerri Reynolds), Pridgen alleges that they "acted directly, or indirectly, in Appen's interest in

relation to Appen's employees and contractors." (Prop. Am. Compl. ¶ 13, 14, 15, 16.) Braden-Harder and Brayan signed employment contracts. (*Id.* ¶ 13, 14.) Braden-Harder was involved in hiring and firing. (*Id.* ¶ 13.) Braden-Harder and Brayan "maintained a degree of individual involvement in Appen's operations affecting employment-related factors like workplace conditions and operations, personnel, and compensation." (*Id.* ¶ 13, 14.) Garves hired, promoted, oversaw, and fired auditors and annotators for Appen's search-related business. (*Id.* ¶ 15.) Reynolds, oversaw "the day-to-day operations of" and "the hiring, firing, and promotions of" personnel. (*Id.* ¶ 16.) For the next four Appen employees (Natacha Estrade, Kristi J. Thompson, Katherine Wells, and Rakesh Patel), Pridgen again sets forth their managerial authority and, specifically, their supervisory authority over Pridgen. The four employees were managers and exercised "direct control over auditor and annotator assignments, which included [Pridgen's] assignments." (*Id.* ¶ 17, 18, 19, 20.) The four employees controlled "the hiring, firing, and promotion of Appen's employees, including decisions to reduce and/or increase employees' hours and assignments," and "over the payment of employees for work performed." (*Id.*) These allegations that the eight employees had certain managerial capabilities at Appen are not sufficient to show that any of them were involved in the payment of Pridgen's wages.

Pridgen also alleges specific events, however, that show how Estrade, Thompson, and Wells may have been involved in the payment of Pridgen's wages. For example, Pridgen initially complained to Estrade that Appen was not compensating him for all his work hours, and Estrade responded that he had a "time-management problem" and, if he continued to complain, their next conversation would be "very different." (*Id.* ¶ 30, 31.) On at least one occasion, Pridgen made a similar complaint to Wells. (*Id.* ¶ 42.) The complaint was communicated to Thompson, who responded by confirming that Pridgen had to complete his tasks in less time and threatening to

11

terminate his contract. (*Id.* ¶ 43, 47.) Pridgen also alleges how Estrade, Thompson, Wells, and Patel reduced his hours, but the MWPCL is meant to enforce "the duty to pay whatever wages are due on a regular basis" and does not focus on "the amount of wages payable." *Friolo*, 819 A.2d at 362. The only relevant allegations are those that show how Pridgen complained to Estrade, Thompson, and Wells that he was not receiving his wages and how they failed to remedy it.

Viewing the allegations in the light most favorable to Pridgen, his complaint sufficiently alleges that Estrade, Thompson, and Wells were involved in the payment—or lack thereof—of his wages. Because Pridgen failed to allege a plausible MWPCL claim against Braden-Harder, Brayan, Garves, Reynolds, and Patel, adding them as defendants to Count III would be futile.

### ii. *Quantum Meruit* (Count IV)

In Maryland, *quantum meruit* is a quasi-contractual cause of action that provides a remedy when an enforceable contract does not exist but fairness mandates that a plaintiff be compensated for services provided. *Truland Serv. Corp. v. McBride Elec., Inc.*, Civ. No. ELH-10-3445, 2011 WL 1599543, at *5 (D. Md. Apr. 27, 2011). To state a *quantum meruit* claim, a plaintiff must allege that: (1) he conferred a benefit upon defendant; (2) defendant appreciated or knew of the benefit; and (3) defendant accepted or retained the benefit under circumstances that would make it inequitable for defendant to retain the benefit without paying its value. *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007).

Appen challenges the first element, arguing Pridgen fails to allege that he conferred a benefit on the individual employees and "it is implausible that any of them personally benefitted from his work." (Def. Opp. at 13.) In the complaint, Pridgen alleges that he conferred benefits on the eight named employees by working unpaid regular and overtime hours on their behalf, (Prop. Am. Compl. ¶ 107), but he does not allege specifically how the employees benefitted. Instead,

12

Pridgen asserts that the fact that he plead that Appen benefited from his uncompensated work "necessarily demonstrates that he could have conferred benefits on the individual [employees]." (Reply at 11.) Pridgen speculates that "[s]uch benefits may include . . . performance or other benchmark bonuses for work performed in part by Mr. Pridgen, not to mention company profits inflated, no matter how small the amount, by work performed by Mr. Pridgen for which he was not compensated." (*Id.*) The Court does not doubt that there are circumstances—perhaps those listed by Pridgen—in which corporate employees would benefit from a coworker's uncompensated work, but to speculate as to whether any of those circumstances existed here is not the task of a court evaluating whether plaintiff has stated a claim that is plausible on its face. In other words, Pridgen alleges how it is possible that the employees could have benefitted, but he does not state a plausible claim that they did. Because Pridgen does not allege that the eight named employees benefited from his uncompensated work, he has not stated a plausible *quantum meruit* claim against them. Adding the employees as defendants would be futile.

### III.  Conclusion

For the foregoing reasons, an Order shall enter granting in part Pridgen's motion for leave to amend the complaint and denying the motion only in regard to adding the eight Appen employees as defendants to Count IV and adding Lisa Braden-Harder, Mark Brayan, Tammy Garves, Kerri Reynolds, and Rakesh Patel as defendants to Count III.

DATED this 4 day of March, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge